## Commonwealth *v*. DiBona, Appellant.

Argued September 28, 1942.

420

Before KELLER, P. J., CUNNINGHAM, BALD-
RIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Bernard R. Cohn,* for appellant.

*James W. Tracey, Jr.,* Assistant District Attorney,
with him *John H. Maurer,* District Attorney, for ap-
pellee.

PER CURIAM, October 28, 1942:

During the night of January 5, 1942, thieves broke
and entered a store in Philadelphia and stole therefrom
a number of tires, radio sets, an electric toaster, and
one electric clock. They concealed them temporarily
in a private and enclosed alley between the residence
of Anthony DiBona, appellant herein, and the adjoin-
ing property. Some weeks later detectives found the
toaster and clock in use by DiBona at his home. He
was indicted under Section 817 of the Penal Code of
June 24, 1939, P. L. 872, 18 PS §4817, for having re-
ceived these articles knowing them to have been stolen.
At his trial the only issue of fact which developed
under the testimony was whether or not appellant, when
he picked up the toaster and clock in the alley (after
most of the stolen goods had been removed therefrom)
and appropriated them to his own use, *knew* they had
been stolen. He admitted on the stand that two of the
thieves told him the merchandise placed by them in his
alley had been stolen. The jury rendered a verdict of
guilty. His counsel took the present appeal from the
sentence imposed; the court below ordered that it should

operate as a supersedeas and appellant is now at liberty, under bail, pending its disposition.

On April 24, 1942, appellant presented to us, through his counsel, a petition for leave to have his appeal presented and argued in this court in forma pauperis. In the petition it was averred that when the thieves removed the bulk of the stolen property from the alley they overlooked the toaster and clock; that appellant had no knowledge that these articles had been stolen; and that by reason of his poverty he was unable to pay for the printing of the record and his brief, as required by the rules of this court.. We granted the petition and permitted the case to be argued upon the original record and typewritten copies of appellant's brief.

Upon examining the record, as certified to us by the court below, we learned for the first time that the following colloquy had occurred between the trial judge, PARRY. J., and appellant at the time sentence was pronounced:

"DiBona stand up. Before proceeding to sentence, I want to ask you a few questions. You don't need to answer if you don't want to but this.is your last chance to be heard and what I am about to do will depend to some extent on what you say. Understand that—DiBona: Yes, sir. The Court: You admitted on the witness stand that you knew the goods in the alley were stolen but your attorney argues that you didn't know the toaster and clock were stolen. Now I ask you, did you know the clock and toaster were stolen when you took them? DiBona: Yes, sir. The Court: You did. DiBona: Yes, sir. The Court: Well that is an honest answer and I'll take something off your sentence for it. I was going to give you 2½ to 5 but instead I'll make it 18 months to 3 years in the County Prison."

It was averred in appellant's petition for leave, etc., that "an official copy of the testimony taken at the trial of [the] case" was attached to the petition. An ex-

amination of the files in the prothonotary's office fails to support this averment. In the preparation of the petition all reference to the fact that appellant had admitted his guilt in open court prior to the entry of the judgment appealed from seems to have been deliberately avoided. Neither brief made any reference to this material circumstance, nor was it disclosed to us during the oral argument.

The assignments of error relate exclusively to alleged technical trial errors and the utmost benefit appellant could obtain from the sustaining of any or all of them would be a retrial. Under the conclusion we have reached the evidence need not be reviewed in detail. We have, however, made a careful examination of the entire record and find no merit in any of the assignments.

The granting of a new trial to an appellant who, in a judicial proceeding in open court, has admitted his guilt of the crime charged against him would, in the absence of basic error depriving him of a fair trial, not be conducive to the efficient administration of justice. In preparing the petition for leave to present his client's appeal in forma pauperis, counsel for appellant owed this court the duty of disclosing to us the true state of the record. His behavior in this case was not fully in accord with his oath of "fidelity as well to the court as to the client."

Appeal dismissed, and it is ordered that appellant appear in the court below at such time as he may be there called and that he be by that court committed until he shall have complied with the sentence, or any part thereof which had not been performed at the time this appeal was made a supersedeas.